The undersigned respectfully dissents from the Opinion and Award of the majority finding that plaintiff sustained an injury to her back in the course and scope of her employment with defendant as a direct result of a specific traumatic incident while working for defendant. The greater weight of the competent credible evidence fails to demonstrate that plaintiff suffered a specific traumatic incident while working for defendant.
Plaintiff has the burden of proving by the preponderance of the evidence that her alleged accident or event on January 24, 2004 was a causal factor in the development of her back condition. Holley v. Acts,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003). Plaintiff has failed to meet her burden of proof. Plaintiff claims that her back condition is due to a January 24, 2004 incident at work where plaintiff alleges that felt a sharp pain when she went to pick up a burlap bag containing coins from the floor. However, plaintiff did not seek medical treatment until January 28, 2004 after injuring her back while lifting a box fan at home. Plaintiff testified that when she lifted the box fan it felt like someone had stabbed her in the back and that the stabbing pain she felt when she injured her back at home was different and more excruciating than the pain she felt when she lifted the bag at work.
Plaintiff did not notify the store manager, Richard Wilson, of her alleged injury at work until she spoke with him about filing a workers' compensation claim at the end of 2004. Upon further investigation, Mr. Wilson was informed by the assistant store manager, Darnell Randle, and the *Page 18 
customer service manager, Joyce Vinson, that plaintiff had been out of work due to an injury that occurred at home. In addition, plaintiff's May 24, 2004 request for a leave of absence and subsequent requests for extensions of her leave of absence indicate that her leave was not the result of a work-related injury.
Plaintiff reported to the emergency room on January 28, 2004 that she injured her back lifting a fan. On February 10, 2004, Dr. Bounous notes that plaintiff's pain began after she picked up a box fan at home. It was not until April 5, 2004 that Dr. Bounous noted a work injury. On March 24, 2004, Dr. Held noted that plaintiff injured her back while lifting a box fan and that her injury was not work related. Dr. Held also noted that plaintiff did not have any pre-existing low back or lower extremity symptoms. It was not until November 13, 2004 that plaintiff reported to Dr. Held that an incident at work lifting a heavy bag of money might have started some of her pain that appeared in January.
"Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v.Pilot Freight Carriers, Inc., 300 N.C. 164, 167, 265 S.E. 2d 389, 391
(1980). However, an expert is not competent to testify to a causal relation when such testimony rests upon mere speculation or possibility.Young v. Hickory Bus. Furn., 353 N.C. 227, 538 S.E.2d 912 (2000). In particular where there is additional evidence or testimony showing that an expert's opinion to be a guess or mere speculation, the testimony is insufficient to prove causation. Holley, 357 N.C. 228, 581 S.E.2d 750
(2003).
The majority has relied upon the testimony by Dr. Held that "if I had to guess what was the precipitating event, I would say that it's the one where she was lifting the heavier object in a more compromised position." However, Dr. Held's opinion and his testimony are based upon *Page 19 
guess and speculation. Plaintiff admitted that the pain she felt following the incident lifting the box fan was different and more excruciating than the alleged incident lifting the bag of money at work. Dr. Held also testified that lifting the money bag could have caused plaintiff's injury as documented on her MRI. However, could or might testimony is insufficient to prove causation. Id. Dr. Held's opinion when considered with all of the evidence does not prove that plaintiff's alleged lifting incident at work is a causative factor to her back condition. Furthermore, at the request of defendants, Dr. Getz, an orthopedic surgeon, performed a peer review of Dr. Held's medical records relating to plaintiff's injury in which Dr. Getz opined that that plaintiff's injury was not related to an alleged coin lifting incident at work on January 24, 2004.
Based upon the greater weight of the evidence, plaintiff has failed to prove that her back condition was caused by an alleged work related lifting incident. For the foregoing reasons the undersigned respectfully dissents from the majority.
This the 12th day of May, 2008.
S/_______________ BUCK LATTIMORE COMMISSIONER *Page 1